GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
R. D. KINNEY.

Decided November 18, 1893.

**1.—Certiorari—Showing Merits.**

Petition for certiorari to review a judgment in justice court need not set out all the evidence there introduced, but, if it fails to do so, must exclude the idea that there was evidence introduced which might have justified the judgment.

**2.—Same—Carrier—Damages—Notice.**

Where plaintiff recovered against a carrier damages to his cattle by delay in transporting feed for them, a petition for certiorari showing that there was no evidence introduced, and that it was not a fact, that defendant was notified that the feed was to be used for such purpose "at the time the freight was received for a shipment" was insufficient, because it did not show that he had no notice before that time.

Appeal from the County Court of Coleman. Tried below before Hon. B. F. Rose, County Judge.

The opinion states the case.

*J. W. Terry* and *Ballinger & Mills,* for appellant.

*T. R. Austin,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—This appeal is from a judgment of the County Court of Coleman County dismissing a writ of certiorari which had been issued to a justice court in said county. The petition for certiorari and the transcript from the justice court disclose the following facts:

Appellee Kinney brought suit in said justice court for damages against appellant, alleging that he had certain beef cattle at Coleman, Texas, feeding them for market. That he bought feed for them at Temple, and contracted with defendant to ship it to Coleman, and notified it of the purpose for which the feed was to be used, and that defendant agreed to carry it promptly; that said feed was shipped in three seperate car loads, delivered on different days to defendant, and that each of the cars was considerably delayed, by which his cattle were damaged.

Judgment was rendered for plaintiff in the justice court. An appeal was not perfected, but appellant filed with the county judge its petition, and a writ of certiorari was issued. When the record was brought up a motion was made to dismiss the certiorari, which was done.

The petition for certiorari does not purport to set out all of the evidence introduced in the justice court, but undertakes by its averments to show that the evidence did not sustain the judgment. The allegations are as follows:

"That the evidence in said cause showed upon trial thereof that said shipment of feed stuff from the time it was delivered to the defendant

company to the time it was delivered to the plaintiff in said cause, w.:s worth no more in the market than it was at the time of delivery. That there had been no change in the market value from the time of the delivery to defendant company to the time it was delivered to the plaintiff, and that the evidence failed to show that the defendant, at the time that the freight was received for shipment, was notified that said shipment was to be used for any special purpose, or that said freight was to be used for the purpose of feeding plaintiff's cattle, or that any special damage would be suffered by the failure to deliver the said feed stuff other than such as would result from a change in the market value of said freight.

"That the defendant was, therefore, under the evidence offered, entitled to judgment in its favor, notwithstanding the further evidence of plaintiff offered and introduced in the case in substance to the effect that his cattle which were in a pasture, and to which he intended to feed said freight, suffered damage by reason of his failure to receive said freight at the time he should have received it.

"That in truth and in fact no notice was given to defendant's agent at the time said shipment was received as to the object and purpose of said shipment, or that the same was to be used for the purpose of feeding plaintiff's cattle."

We do not think that it is absolutely necessary that the evidence in the trial court should be set out at length in a petition for certiorari, but, failing to do this, the petition should exclude the idea that there was evidence which might have justified the judgment, or that facts existed, though not proved, which would sustain it. The petition should expressly negative every phase of the evidence and the facts which would justify the judgment. Tried by this rule, we do not think the averments were sufficient.

It is true that notice to the railroad company of the purpose of the shipment was necessary in order to recover special damages. But if they had notice that was sufficient, whether they received it at the time the property was delivered to them for shipment or prior to that time. The averments are "that the evidence failed to show that the defendant *at the time that the freight was received for shipment* was notified, etc.," and "that in truth and in fact, no notice was given to defendant's agent *at the time said shipment was received*," etc. The fact may have been, notwithstanding these allegations, that the contract was made for the shipment at a time prior to the delivery of the shipment, and that notice was given when the contract was made, or at some other time before the actual delivery of the freight for shipment. The petition for certiorari should have negatived any theory of this kind which would have authorized a recovery, and, failing to do so, there was no error in dismissing it.

The judgment is therefore affirmed.

*Affirmed.*